# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CRIMINAL NO. 1:05-CR-31-KS-RHW**

**CLEM ORLANDO PRICE**

### ORDER

On March 13, 2020, Defendant filed a Motion to Reduce Sentence [25] pursuant to § 404(b) of the First Step Act. Defendant asks for the Court to reduce his sentence to 188 months of imprisonment, which would result in his immediate release.

Section 404 of the First Step Act "gives courts the discretion to retroactively apply the Fair Sentencing Act to reduce a prisoner's sentence for certain covered offenses." *United States v. Batiste*, 980 F.3d 466, 470 (5th Cir. 2020). "A defendant is eligible for a sentence reduction under the First Step Act if: (1) he committed a 'covered offense;' (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First Step Act that was denied on the merits." *Id*.

> A "covered offense" . . . is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Pub. L. 115-391, § 404(a), 132 Stat. at 5222. Whether a defendant has a "covered offense" under section 404(a) depends on the statute under which he was convicted, rather than the facts specific to the defendant's violation. Thus, if a defendant was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, that defendant satisfies that aspect of a "covered offense."

*Id*. (citations omitted).

Defendant was convicted of possession of more than 50 grams of "crack" cocaine with intent to distribute pursuant to 21 U.S.C. § 841(a)(1). *See* Amended Judgment [16]. This is a "covered offense" within the meaning of the First Step Act. *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019). Defendant has not previously filed a motion under the First Step Act, and his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act. Therefore, Defendant is eligible for a reduction in sentence under § 404(b) of the First Step Act.

However, "[e]ligibility for resentencing under the First Step Act does not equate to entitlement." *Id.* at 471. The "decision whether to wield the resentencing authority granted by the First Step Act is one committed to the court's discretion." *Id.* As the Court noted in its Order [19] denying his previous Motion for Resentencing [18] pursuant to 18 U.S.C. § 3582(c)(2), Defendant's sentence was at the very bottom of the applicable guideline range. Even if the Court retroactively applies the Fair Sentencing Act, Defendant's sentence of 262 months is still within the applicable sentencing range. *See* 21 U.S.C. § 841(b)(1)(B); U.S.S.G. §§ 2D1.1, 4B1.1. Accordingly, the Court **denies** Defendant's Motion for Sentence Modification [25] under § 404(b) of the First Step Act. The Court also **denies** Defendant's Motion [24] to appoint counsel as moot.

SO ORDERED AND ADJUDGED this 27th day of January, 2021.

                                                      /s/   Keith Starrett
                                                          KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE